# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Alfred K. Cloke, III,
    Plaintiff

vs                              Case No. 1:09-cv-572-SJD-TSH
                                   (Dlott, C. J.; Hogan, M. J.)

Michael Moore, et. al,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on a motion to dismiss the complaint filed by Defendants Ohio and Vicinity Regional Council of Carpenters, Michael Moore, Robert Peto, Dick Moreno, Doug Refitt, Frank Reynolds, Steve Kasarnich, Ron Rothenbuhler, and Mark Kuzmik (the Council Defendants) (Doc. 8), the motion to dismiss the complaint filed by Defendants United Brotherhood of Carpenters and Joiners of America and Douglas McCarron (The UBC Defendants) (Doc. 9), pro se Plaintiff Alfred K. Cloke, III's memorandum in opposition (Doc. 10), and the reply memorandum filed by the UBC Defendants. (Doc. 11).

Plaintiff brings this action pursuant to Section 101 of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411, alleging that the Council Defendants violated his rights to a "full and fair hearing" by dismissing charges he filed against various members of the Local Union, and that the UBC Defendants failed or refused to intervene to protect his rights and enforce Section 101 of the LMRDA. Defendants move to dismiss the complaint for failure to state a claim.

The Council Defendants move to dismiss, arguing that plaintiff's complaint

fails to state a claim under Section 101 of the LMRDA. The Council Defendants contend that the LMRDA "full and fair hearing" provisions set forth at 29 U.S.C. § 411(a)(5)(C) govern the due process rights of a union member who has been the subject of a disciplinary complaint or proceeding, and do not apply to the rights of any union member who may have filed a complaint against another member or the Council. The UBC Defendants argue that nothing in either the LMRDA or the Union Constitution requires the UBC to "intervene and insure that the provisions of the LMRDA [are] enforced."

Rule 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rest." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). *See also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In *Twombly,* the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 127 S.Ct. at 1969. The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-06 (6th Cir.1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir.1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly,* 127 S.Ct. at 1965 (citations omitted). While the complaint need

not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974. *See Gadberry v. Bethesda, Inc.*, 608 F. Supp.2d 916, 918 -919 (S.D. Ohio 2009)

Section 101(a)(5) of the LMRDA provides:

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5). A union member is "disciplined" only when the union takes action "under color of the union's right to control the member's conduct in order to protect the interests of the union or its membership." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 91 (1989). *See also United Food and Commercial Workers Intern. Union Local 911 v. United Food and Commercial Workers Intern. Union*, 301 F.3d 468, 473 (6th Cir. 2002). This section of the LMRDA governs the due process rights afforded to union members who are the subject of disciplinary action by the union. While such disciplinary action may commence with the filing of a complaint by one union member against another, nothing in the statute nor the case law interpreting it indicates that the due process rights enumerated above extend to the complainant who has filed a complaint with the union. Rather, this rule has been interpreted by the courts to require that the charging party provide some evidence at the disciplinary hearing to support the charges made against another. *See International Brotherhood of Boilermakers v. Hardeman*, 401 U.S. 233, 246-47 (1971). Discipline based on charges unsupported by any evidence is a denial of due process and is prohibited by the LMRDA. *Id. See also Dille v. Williamson*, 1988 WL 79978, *3 (6th Cir. 1988). However, nothing in the Section 101 of the LMRDA requires that a hearing be held in every case in which a complaint has been filed.

Plaintiff's complaint alleges that the Council Defendants violated the LMRDA by failing to conduct a hearing in each of the cases where he filed a complaint against individual union members. Plaintiff contends that as the complainant, he has a right under 29 U.S.C. 411 to a "full and fair hearing" of the charges he has asserted against

3

other union members. The complaint also alleges that the UBC violated plaintiff's rights by failing to require intervene to protect those rights. Plaintiff's allegations are not supported by the language of the statute itself, nor any other authority suggested to this Court. Plaintiff's complaint fails to set forth a claim pursuant to Section 101 of the LMRDA. Accordingly, the motions to dismiss should be granted.

IT IS THEREFORE RECOMMENDED THAT: Defendants' motions to dismiss be GRANTED and this action be dismissed from the docket of this Court.

_____
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

---

Alfred K. Cloke, III,
    Plaintiff

vs                                         Case No. 1:09-cv-572-SJD-TSH
                                           (Dlott, C. J.; Hogan, M. J.)

Michael Moore, et. al,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Alfred K Cloke, III<br>621 Neptune Way<br>Cinti, OH 45244 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 3745 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:04 cv 572 (Doc. 14)